IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISCILLA DOE, | ) | Civil No. 4:03CV3397 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CASEY'S GENERAL STORES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF AN ORDER ALLOWING HER TO PROCEED PSEUDONYMOUSLY AND FOR A PROTECTIVE ORDER AND TEMPORARY RESTRAINING ORDER

Plaintiff Priscilla Doe, by and through her attorneys, hereby moves this Court for an Order allowing her to proceed pseudonymously both before this Court and before the NEOC and the EEOC and for a protective order and temporary restraining order.

### NATURE OF ACTION AND RELIEF SOUGHT

When a manager at Defendant Casey's General Stores, Inc. ("Casey;s") learned that Plaintiff is HIV+, she told Plaintiff, an employee at one of Defendant's convenience stores, that she wanted to fire her but could not. The manager then reduced Plaintiff's hours and required her (and no other employee) to wear gloves at work at all times, telling Plaintiff that this was because of her HIV status. (Declaration of Priscilla Doe ("Doe Decl.") ¶ 6.)

Plaintiff contends that Casey's actions violate the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Nebraska Fair Employment Practices Act ("FEPA"), NEB. REV. STAT. § 48-1101 et seq. and seeks to file a charge of discrimination against Casey's with the Nebraska Equal Opportunity Commission ("NEOC") and the United States Equal Employment Opportunity Commission ("EEOC"). However, Plaintiff does not want to file the

1

charge in her own name because she fears further discrimination, both in employment and in other areas, should her HIV status become more widely known. She therefore seeks to proceed before the NEOC and EEOC using a pseudonym and to ensure that Casey's will not disclose her true name to others. The NEOC and EEOC lack the authority to order Casey's to maintain the confidentiality of Plaintiff's true name.

Because Plaintiff must file a charge of discrimination with the NEOC and EEOC in order to pursue her claims under FEPA and the ADA; because she has a legitimate need to maintain her anonymity; and because the NEOC and EEOC lack the power to ensure that anonymity, Plaintiff hereby moves this Court for an Order that i) allows her to proceed pseudonymously in this Court and to file charges of discrimination before the NEOC and EEOC using that pseudonym, with her true name to be disclosed to Defendant; and ii) requires Defendant to maintain the confidentiality of Plaintiff's identity. Plaintiff further requests that the Order be made effective immediately to restrain Defendant from disclosing Plaintiff's identity pending any further proceedings by the Court on this motion. Finally, Plaintiff requests a stay of all proceedings in this case while she exhausts her administrative remedies.

## FACTS

### Underlying Charge of Discrimination

Plaintiff's charge of discrimination alleges the following facts: In January 2003, Plaintiff started as a shelf stocker at Casey's, working two evenings a week. By March, she was working five evenings a week and was told by her manager that she was the best stock in the store. (NEOC Declaration of Priscilla Doe, attached as Exhibit A to Doe Decl. ("Doe NEOC Decl.") ¶¶ 2, 5 and 6.) In May 2003, Plaintiff's manager asked her whether she was HIV+. When Plaintiff said yes, her manager told her to go home while she figured out what to do. (Doe NEOC Decl. ¶ 7.) The next week, Plaintiff's manager told her that she could not fire Plaintiff because of her

2

HIV disease, but that she wanted to do so, and advised Plaintiff to look for another job. The manager told Plaintiff that she had to wear gloves at all times (although no other employee had to do so), that her hours would be reduced, that she could not tell anyone else about her HIV status, and that if she violated any of these rules she would be fired. (Doe NEOC Decl. ¶ 8.) The manager then gave Plaintiff a written disciplinary action form stating that she must wear gloves at all times and not discuss her HIV status. (Doe NEOC Decl. ¶ 9.) Shortly thereafter, the manager reduced Plaintiff's hours to three evenings a week from five. (Doe NEOC Decl. ¶ 10.) Plaintiff found another part-time job. When the hours at the two jobs began to conflict, Plaintiff left Casey's in order to be able to continue working at the new job. She did this despite lower wages at the new job because of the way Casey's was treating her and her concern that she could not count on her continued employment at Casey's. (Doe NEOC Decl. ¶ 13.) This discriminatory treatment caused Plaintiff financial losses as well as emotional distress. (Doe NEOC Decl. ¶ 14.)

## Plaintiff's Need for Confidentiality

Disclosing Plaintiff's identity runs the significant risk of exposing her to additional discrimination and harassment because of her HIV status. Plaintiff lives in a small town in Nebraska and has recently had two negative employment experiences because of her HIV disease. First, she was fired from her job as a hostess at a small restaurant because of her HIV status. Second, in the same week, she experienced the problems detailed above at her other job at Casey's, which led to a reduction in her hours and a requirement that she wear gloves at all times in the store. She is worried that if her identity as a person with HIV is disclosed more widely than it already has been, she will be fired from her current job and become unemployable in the town where she resides. (Doe Decl. ¶ 11.)

Plaintiff is also concerned that disclosure of the location of the Casey's store in which she worked could easily lead to public knowledge of her identity. Fewer than 15 people work at the Casey's location in which Plaintiff worked, and no others are required to wear gloves at all times. Were the location of Defendant's store in which Plaintiff worked disclosed, the practical effect would be the disclosure of Plaintiff's identity. (Doe Decl. ¶ 12.)

The NEOC and EEOC lack the power to order Defendant not to disclosure Plaintiff's identity, and thus ensure her confidentiality if she filed charges of discrimination.

## ARGUMENT

### I. A PROTECTIVE ORDER IS NECESSARY AND APPROPRIATE TO PREVENT DISCLOSURE OF PLAINTIFF'S IDENTITY

The Court should grant Plaintiff an order protecting her identity from disclosure during the NEOC and EEOC process that she is required by statutes to pursue. Maintaining the confidentiality of Plaintiff's identity will protect her from harassment and discrimination while not disadvantaging Defendant in any material way.

While in general parties must identify themselves in their pleadings, *see* Fed. R. Civ. P. 10(a), the Court has discretion to waive that requirement to protect matters of a highly personal or sensitive nature. *Heather K. by Anita K. v. City of Mallard*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995) (collecting cases and allowing child plaintiff to use pseudonym in light of medical condition); *see also* Fed. R. Civ. P. 26(c) (authorizing protective order regarding discovery in order to save a litigant from embarrassment or oppression, as "justice requires"); *Orr v. Knowles*, 215 Neb. 49, 56-57, 337 N.W.2d 699, 704 (1983) ("In certain cases a court may in its discretion allow a party to bring an action in a fictitious name in order to afford that party an opportunity to pursue a sensitive issue without public scrutiny."). In deciding whether to allow a plaintiff to use a pseudonym, courts balance the public's need for access to the parties' identities with the privacy

4

interests of the parties. *See, e.g., Doe v. Shapiro*, 852 F. Supp. 1256, 1257 (E.D. Pa. 1994) (finding privacy interest of plaintiff with AIDS outweighed public's interest in access to certain documents that might reveal his identity).

Courts have permitted parties to proceed under fictitious names "where the issues involved are . . . of a sensitive and highly personal nature." *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974). A person's HIV-positive status is just such an issue, as several courts have recognized. For instance, a federal court in Wisconsin found that a plaintiff's HIV status was a compelling reason to allow him to use a pseudonym in his civil rights suit against a city. *Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999). The court noted that "in modern society one's HIV-positive status, unlike most other medical conditions, is still considered a stigma." *Id.*; *see also Doe v. Borough of Barrington*, 729 F. Supp. 376, 384 (D.N.J. 1990). In *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999), the court found that the fact plaintiff had AIDS was "a personal matter of the utmost intimacy" and granted the plaintiff's motion to use initials in his compliant alleging negligence against a pharmacy. In *Doe v. DeKalb County Sch. Dist.*, 145 F.3d 1441, 1443 n.1 (11th Cir. 1998), the Eleventh Circuit allowed the plaintiff, an HIV-positive teacher who was challenging his removal from a special education classroom due to his HIV, to use a pseudonym in order to protect his privacy.

In order to preserve a plaintiff's identity, courts have not only allowed plaintiffs to use pseudonyms, but have also issued protective orders to shield other information that could identify individuals in AIDS-related lawsuits. For instance, a federal court in Pennsylvania sealed court documents in an AIDS discrimination case because the record "include[d] a great deal of personal information which may make it more likely that a reader would recognize the plaintiff," even though the documents did not expressly reveal the plaintiff's identity. *Doe v.*

5

*Shapiro*, 852 F. Supp. 1256, 1257 (E.D. Pa. 1994). The court determined that, in light of the potentially identifying information, unusual measures were necessary to insure that plaintiff's privacy remained intact. *Id.*

Maintaining the confidentiality of Plaintiff's identity, given her HIV status, is also required in order to avoid violating Plaintiff's constitutionally protected right to privacy. That right prevents the disclosure of confidential, sensitive medical information absent a compelling government interest. *See Whalen v. Roe*, 429 U.S. 589 (1977). The ADA requires that Plaintiff file a charge of discrimination with the EEOC or NEOC and FEPA requires that she file a charge with the NEOC, but neither agency can ensure that Casey's will keep her identity, and therefore her HIV status, confidential. Requiring Plaintiff to avail herself of a forum that cannot maintain her privacy in order to vindicate her rights under the ADA or FEPA amounts to compelled disclosure of Plaintiff's HIV status by the government. This Court can avoid such a constitutional violation by granting Plaintiff's request for a protective order.

Maintaining the confidentiality of Plaintiff's identity, given her HIV status, is consistent with how such sensitive medical information is treated in other contexts. For example, Nebraska law provides that "a person seeking a human immunodeficiency virus [HIV] test shall have the right to remain anonymous," NEB. REV. STAT. § 71-531 (2002), thereby recognizing the privacy concerns surrounding one's HIV status.

Plaintiff has amply demonstrated the need to protect her identity from disclosure. The fact Plaintiff was fired from one job and discriminated against in another, both times because her employers learned she was HIV+, demonstrates the danger that disclosure poses. (Doe Decl. ¶ 6.) Plaintiff has a legitimate fear that further disclosure of her HIV status may cause her to lose her current job and could make her unemployable in the small town where she lives. (Doe Decl. ¶ 11.) And Plaintiff's concerns extend beyond the workplace. Courts have recognized that

6

"persons with AIDS may be subjected to discrimination in the workplace, schools, social settings and public accommodations." *W.G.A.*, 184 F.R.D. at 617. People with HIV and AIDS are denied essential medical care, housing, jobs and insurance because of others' fear and misunderstanding about the disease. *See Doe v. Borough of Barrington*, 729 F. Supp. 376, 384 (D.N.J. 1990) (collecting cases of AIDS-related discrimination). The Nebraska legislature has recognized the widespread nature of HIV-related discrimination by passing a law focused solely on prohibiting discrimination based on HIV status in employment, housing, education, and places of public accommodation. NEB. REV. STAT. § 20-168 (2003). In seeking to vindicate her right to be free from such discrimination, Plaintiff should be able to maintain the confidentiality that she needs to protect her from further discrimination, social stigma and ostracism.

Granting Plaintiff's motion will not disadvantage Defendant in any material way. It will not impair Defendant's ability to defend itself in this litigation if Plaintiff is permitted to proceed anonymously and the Court orders the relief she seeks. Defendant will be advised of Plaintiff's identity, and would be permitted to disclose her identity to employees and other witnesses necessary for its defense of this litigation, subject to the agreement of those individuals to keep Plaintiff's identity confidential. In addition, using a pseudonym for Plaintiff and redacting the location of the store in which Plaintiff worked in court filings is a modest administrative inconvenience given the overriding privacy interests of Plaintiff.

Plaintiff intends to discuss the general facts of her case with the media in order to bring attention to the problem of discrimination against people with HIV disease. She feels it is important to speak out because she wants others with HIV to be aware of their rights, and wants other employers to be aware of the laws that prohibit them from discriminating against people with HIV and AIDS. (Doe Decl. ¶ 13.) However, because Plaintiff fears for what would happen if her identity became known, she will not reveal her name, or the location of the Casey's store in

7

which she worked in any public statements she makes about this case or about what happened to her. Plaintiff has asked her lawyers to speak about what happened to her as well, but has instructed them to observe the same restrictions. (Doe Decl. ¶ 14.) The fact that Plaintiff intends to discuss the general facts of her case, without revealing facts sufficient to identify herself or the Casey's store where she works, does not affect the appropriateness of a protective order in this case. Indeed, courts have granted plaintiffs' requests to proceed under a pseudonym even when plaintiffs have sought and stimulated media attention. For example, in *Heather K. by Anita K.*, 887 F. Supp. at 1256 n.11, the court granted the plaintiff's request to proceed under a pseudonym where plaintiff's family had stimulated media attention to their cause. Here, since any discussions that Plaintiff conducts with the media will observe the same rules she is asking the Court to adopt here, Plaintiff's intended course of conduct is entirely consistent with her request for a protective order.

## II. THE COURT MAY ASSERT JURISDICTION OVER THIS ACTION SO THAT PLAINTIFF MAY EXHAUST ADMINISTRATIVE REMEDIES WITHOUT COMPROMISING HER ANONYMITY

The Court can take jurisdiction over this case prior to Plaintiff filing a NEOC and EEOC charge for the limited purpose of addressing her request for injunctive relief to protect the confidentiality of her identity as a person with HIV.

Ordinarily, complainants charging violations of employment discrimination laws must exhaust administrative remedies before seeking judicial review. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). However, federal courts have jurisdiction to grant injunctive relief prior to the exhaustion of those proceedings in order to prevent irreparable harm. *McNail v. Amalgamated Meat Cutters and Butcher Workmen of North America*, 549 F.2d 538, 542 n. 10 (8th Cir. 1977); *see also Wagner v. Taylor*, 836 F.2d 566, 570-74 (D.C. Cir. 1987); *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877, 881-87 (2d Cir. 1982); *Drew v. Liberty Mutual Ins. Co.*,

8

480 F.2d 69, 72 (5th Cir. 1973), *cert. denied*, 417 U.S. 935 (1974). This is part of the court's "inherently equitable power to maintain the status quo." *Wagner*, 836 F.2d at 571. The "[m]aintenance of the status quo to prevent irreparable injury differs radically from the sort of circumvention and disruption decried by the exhaustion doctrine." Id., at 574.

The NEOC and EEOC do not have the authority to enjoin Defendant from disclosing Plaintiff's identity. Thus, unless this court takes jurisdiction to grant the protective order she seeks, Plaintiff will be irreparably harmed because she would have to either forego pursuing her claims against Casey's or do so subject to the real risk of future discrimination in employment— possibly making her unemployable in her community— and other forms of discrimination because of her HIV status.

Plaintiff is not seeking to circumvent the administrative process. She is not asking the Court to make any judgment, not even a temporary one, on the merits of her claims. She is merely seeking a protective order from this Court so that she can commence proceedings with the NEOC and EEOC without compromising her anonymity. Indeed, she has asked the Court to stay all proceedings in this case pending her exhaustion of administrative remedies before the NEOC and EEOC.

## TERMS OF PROPOSED PROTECTIVE ORDER

Plaintiff respectfully requests that the Court issue an order that:

1. All parties to this action and their attorneys shall refer to Plaintiff as Priscilla Doe in all filings with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission; in all court filings, at all depositions and hearings, and at the trial of this matter in this Court; and in all public statements about the case.

2. Plaintiff will advise Defendant of her actual identity. Subject to the provisions of paragraph 4, the Defendant may disclose the identity of Plaintiff in this action and Confidential Information as defined in paragraph 3 solely to:

        A.    Counsel of record and their staff;
        B.    The Court and its employees;

9

  C. Defendant's employees to the extent necessary to defend this action;
  D. Any witnesses or potential witnesses; and
  E. Any expert witnesses retained to assist in the defense of this lawsuit.

  3. Confidential Information for purposes of this Order shall mean Plaintiff's name, any information identifying the location of the Casey's store where Plaintiff worked or any other information that would reasonably be calculated to make Plaintiff's identity known.

  4. Counsel for Defendant shall obtain from each person to whom the identity of the Plaintiff or Confidential Information will be disclosed under paragraph 2 (except for subsection B), a written Acknowledgment affirming that he or she a) has read this Protective Order; b) understands all of its terms; c) consents to be bound by its terms; and d) certifies that he or she will not disclose the identity of Plaintiff or Confidential Information without permission of Plaintiff or of the Court. Counsel shall be responsible for maintaining copies of all acknowledgments signed by persons receiving confidential information.

  5. Any documents filed with the Court that contain Confidential Information about Plaintiff, including but not limited to, the certificate of service, briefs, depositions, and documentary evidence, shall be filed in redacted form, substituting her pseudonym and deleting other Confidential Information, or, in the alternative, shall be filed under seal. This includes filings through the Court's electronic filing system.

  6. Prior to the trial of this action, the parties shall discuss how to maintain appropriate confidentiality of the identity of the Plaintiff at the trial, and shall present their proposals to the Court.

  7. The provisions of this Protective Order shall remain in full effect following the conclusion of this litigation, including all appeals, until or unless modified or vacated upon mutual written consent of the parties or order of the Court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

  i) order that Plaintiff may proceed pseudonymously under the name Priscilla Doe in this case and before the NEOC and EEOC;

  ii) issue the Proposed Protective Order; and

  iii) stay all proceedings in this case pending Plaintiff's exhaustion of administrative remedies before the NEOC and EEOC.

Plaintiff further requests that the Proposed Protective Order be issued immediately to restrain Defendant from disclosing Plaintiff's identity pending any further proceedings by the Court on this motion.

        PRISCILLA DOE, Plaintiff

By:    PERRY, GUTHERY, HAASE
        & GESSFORD, P.C., L.L.O.,

By:    _____
        Corey L. Stull – NSBA #21336
        233 South 13th Street, Suite 1400
        Lincoln, Nebraska 68508
        Telephone: (402) 476-9200
        Facsimile: (402) 476-0094

        And

By:    AMERICAN CIVIL LIBERTIES
        UNION FOUNDATION

By:    Leslie Cooper
        James D. Esseks
        Matthew Coles
        American Civil Liberties Union Foundation
        125 Broad Street, 17th Floor
        New York, New York 10004
        Telephone: (212) 549-2627
        Facsimile: (212) 549-2650